In the Matter of FELICIA D., a Child Alleged to be Neglected. NANCY N., Respondent; COMMISSIONER FOR CHILDREN'S SERVICES, Appellant. [693 NYS2d 41] —Order, Family Court, New York County (Rhoda Cohen, J.), entered December 14, 1998, which, in a proceeding to adjudge the subject child neglected by respondent mother's refusal to consent to the child's placement in a residential treatment center, and granted respondent's motion at the close of petitioner's evidence to dismiss the petition for failure to establish a prima facie case, unanimously affirmed, without costs.

Where a child's emotional health is impaired and the impairment is clearly attributable to the respondent mother's unwillingness to pursue a recommended course of psychiatric therapy with the child, a court may find that the child is neglected within the meaning of Family Court Act § 1012 (f) (i) (A). A mother's failure to provide medical care as required by the statute may be interpreted to include psychiatric medical care where it is necessary to prevent the impairment of the child's emotional condition (*see, Matter of Jonathan C.*, 195 AD2d 554). The Court of Appeals, however, has noted that while the parents of a child have an affirmative duty to provide adequate medical care, what constitutes adequate medical care cannot be judged in a vacuum. "Ultimately, however, the most significant factor in determining whether a child is being deprived of adequate medical care, and, thus, a neglected child within the meaning of the statute, is whether the parents have provided an acceptable course of medical treatment for their child in light of all the surrounding circumstances. This inquiry cannot be posed in terms of whether the parent has made a 'right' or a 'wrong' decision, for the present state of the practice of medicine, despite its vast advances, very seldom permits such definitive conclusions." (*Matter of Hofbauer*, 47 NY2d 648, 656.)

Thus, applying these standards, neglect was not proved in this matter. This is not a case where the child is receiving no medical treatment since the record discloses that she has received outpatient care and the Family Court also ordered the

ACS to provide preventive services for the child at home, including a referral for appropriate counseling and therapy. Moreover, petitioner's psychiatrist acknowledged that the child's emotional distress was in part attributable to her being away from her mother and sisters with whom she had a strong emotional bond. Thus, petitioner's evidence was insufficient to establish that the child's mental or emotional condition could not be adequately addressed through outpatient care. Concur— Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.