■ In the Matter of SHAWNDEL M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KORISHA S., Appellant. (Proceeding No. 1.) In the Matter of SHAQUAY S.-M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KORISHA S., Appellant. (Proceeding No. 2.) [824 NYS2d 335]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of factfinding and disposition of Family Court, Suffolk County (MacKenzie, J.), dated February 4, 2005, as, after fact-finding and dispositional hearings, in effect, found that she neglected Shaquay S.-M., and derivatively neglected Shawndel M.

Ordered that the order of factfinding and disposition is modified, on the law, by deleting the provision thereof, in effect, finding that the mother derivatively neglected Shawndel M.; as so modified, the order of fact finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court correctly found, by a preponderance of the evidence, that she neglected her child Shaquay S.-M. (a diagnosed diabetic), by failing to provide her with adequate medical care (see Family Ct Act § 1012 [f] [i] [A]; § 1046 [b] [i]). To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired (see Matter of Faridah W., 180 AD2d 451, 452 [1992]). "[T]he court's inquiry should be whether the parents, once having sought accredited medical assistance and having been made aware of the seriousness of their child's affliction and the possibility of cure if a certain mode of treatment is undertaken, have provided for their child a treatment which is recommended by their physician and which has not been totally rejected by all responsible medical authority" (Matter of Hofbauer, 47 NY2d 648, 656 [1979]). The mother was aware of the seriousness of Shaquay S.-M.'s diabetic condition, which, according to medical authorities during emergency

hospitalization at Center Suffolk Hospital, required transfer to the pediatric intensive care unit at Stonybrook University Hospital. The mother's refusal to consent to the recommended transfer was contrary to medical authority. In addition, the mother's conduct in encouraging Shaquay S.-M. to pull the IV needle out of her arm, and to leave the hospital, placed the child in imminent danger of impairment (*see Matter of Junaro C.*, 145 AD2d 558, 559 [1988]; *see also Matter of William AA.*, 24 AD3d 1125, 1126 [2005]).

Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected (*see Matter of Christina Maria C.*, 89 AD2d 855 [1982]), the statute does not mandate a finding of derivative neglect (*see Matter of Rasheda S.*, 183 AD2d 770 [1992]). Under the circumstances of this case, the finding of derivative neglect with respect to the sibling Shawndel M., whose medical need was not established, was not supported by a preponderance of the credible evidence (*see Matter of Ijeoma O.*, 271 AD2d 691 [2000]; *Matter of Daniella HH.*, 236 AD2d 715 [1997]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.