■ In the Matter of Terrence P. and Others, Children Alleged to be Neglected. Melinda C., Appellant; Administration for Children's Services, Respondent. [831 NYS2d 384]—

Dispositional orders, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about December 10, 2003, which placed Devonte with the Commissioner of Social Services for a seven-month period for placement in a residential treatment center and released the other children to the custody of their father (not a party herein) and respondent mother, under supervision of the Administration for Children's Services (ACS), for the same period, unanimously reversed, on the law, without costs, the fact-finding determination set aside and the orders vacated.

On or about May 20, 2003, petitioner Commissioner of ACS filed petitions in Bronx County Family Court alleging respondent mother had neglected Devonte, then 10 years old, and derivatively neglected three other children. The petitions alleged, inter alia, that Devonte had been diagnosed with attention deficit hyperactivity disorder (ADHD); that respondent failed to obtain a prescription for the recommended medication after medical personnel indicated that the medication would have no adverse effect on Devonte's health; that Devonte had

been acting out at school; and that respondent failed to adequately provide for Devonte's mental, physical and emotional needs by repeatedly missing scheduled counseling appointments to discuss Devonte's situation.

During the fact-finding hearing held on August 27, 2003, agency caseworker Shawna Beesly testified she had worked with the family for approximately one year. She scheduled casework conferences with respondent, referred the family for services, conducted individual weekly counseling sessions with Devonte and made home visits. Beesly testified that it was difficult to schedule Devonte's counseling appointments because respondent worked as a home health aide; however, Beesly stated that she could not fault respondent for not missing work.

Beesly initially referred Devonte for a psychiatric evaluation by the agency psychiatrist, who was only available on Mondays during normal business hours. Respondent brought Devonte for this evaluation after taking time off from her job. He was diagnosed with ADHD, and the recommended treatment regimen consisted of regular counseling services, as well as taking the drug Adderall.

Beesly testified that respondent was "ambivalent" about the medication, expressing concerns about the effect of the medication on Devonte's chronic asthma and heart murmur. After discussing the benefits and effects of the medication with Beesly, respondent did not want to agree to the medication until she spoke to Devonte's pediatrician regarding its side effects. Although Beesly testified that respondent's ambivalence was "valid at the time," the agency did not provide a referral for a second opinion from a nonagency psychiatrist as requested by respondent. Subsequently, respondent declined to administer the prescribed medication.

Although Beesly could not recall how many weekly counseling sessions respondent missed, she stated respondent regularly failed to appear, missing an estimated "half" of the scheduled sessions. In an effort to accommodate respondent's work schedule, the sessions were scheduled for 7:00 P.M., but her attendance still did not improve, although Beesly admitted some of the cancellations were initiated by the agency. Beesly emphasized to respondent the importance of attending the counseling sessions, but she never advised respondent that failure to attend could result in removal of Devonte from the home. As a result, and because of Devonte's deteriorating school behavior, Beesly and her supervisor decided he should be placed in a residential facility for diagnostic assessment and/or treatment, and called in a report to the State Central Register.

Gail Woods, the ACS caseworker assigned to this case following the agency's report to the Central Register, testified that she visited the home where she saw the other three children. She found that these children were well cared for and did not have any issues. Woods met with respondent and Devonte the next day and read the allegations in the petition to respondent, who described the missed appointments as half her fault and half the agency's fault.

Woods scheduled an "elevated risk conference" where she advised respondent of her right to refuse to administer the medication, but that it was important that she keep the counseling appointments. An agreed-upon service plan was executed at the conclusion of the conference. At a subsequent "thirty day conference," it was determined that respondent was not in compliance and the neglect petitions were thereafter filed.

The Family Court found Devonte's mental health issues were not being properly addressed because of respondent's failure to keep many counseling appointments, in spite of the agency's attempts to accommodate her work schedule. The court further found that respondent's concerns about the effects of the medication on Devonte's heart murmur were "misplaced," and that she was not really seeking a second opinion. Although the other three children were "okay," the court found derivative harm to them as a result of respondent's neglect of Devonte.

Following a dispositional hearing, the court entered orders placing Devonte in the custody of the Commissioner of Social Services for a seven-month placement in a residential treatment center, and released the other children to the custody of their father and respondent, under ACS supervision, for the same period.

We note at the outset that the initial burden of demonstrating neglect rests upon petitioner (*Matter of C. Children*, 55 AD2d 646 [1976]), and any such finding must be based upon a preponderance of the evidence (Family Ct Act § 1046 [b] [i]).

A parent's unwillingness to follow a recommended course of psychiatric therapy and medication, resulting in the impairment of a child's emotional health may support a finding of neglect (*Matter of Felicia D.*, 263 AD2d 399 [1999]). However, "what constitutes adequate medical care cannot be judged in a vacuum" (*id.*). The critical factor in this determination is "whether the parents have provided an acceptable course of medical treatment for their child in light of all the surrounding circumstances." (*Matter of Hofbauer*, 47 NY2d 648, 656 [1979].) Nor should a court substitute its own judgment in such matters, as this inquiry "cannot be posed in terms of whether the parent

has made a 'right' or a 'wrong' decision, for the present state of the practice of medicine, despite its vast advances, very seldom permits such definitive conclusions" (*id.*).

Applying these principles to this appeal, petitioner's evidence did not establish by a preponderance of the evidence that Devonte was neglected, or that the other children had been derivatively neglected. Because of Devonte's other medical conditions, respondent demonstrated prudent judgment when she indicated she wanted a second, nonagency opinion and time to speak to Devonte's pediatrician prior to administering ADHD medication. Respondent's concerns about the side effects of stimulant drug therapy as they impacted upon Devonte's other medical conditions were reasonable and appropriate. She had insufficient information to make an informed decision. She was advised by petitioner that it was her "right" to refuse the medication. Moreover, the agency declined to provide assistance in helping her obtain a second opinion from a nonagency medical provider so she could make an informed decision regarding the administering of the recommended medication.

Respondent did miss a significant number of Devonte's counseling sessions, even after the agency tried to accommodate her work schedule by setting up evening appointments. However, agency testimony at the hearing was clear that respondent was not advised that her failure to meet these appointments could result in the filing of a neglect petition and removal of the children from her care. Respondent never refused counseling and did attend some appointments. Under all of the circumstances presented herein, petitioner did not meet its burden of establishing neglect (*cf. Matter of C. Children*, 55 AD2d 646 [1976], *supra*). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.