■ In the Matter of VICTOR BONILLA, Appellant, v ANA AMAYA, Respondent. (Proceeding No. 1.) In the Matter of ANA AMAYA, Respondent, v VICTOR BONILLA, Appellant. (Proceeding No. 2.) [872 NYS2d 465]—In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated August 28, 2006, as, after a hearing, denied his petition for sole custody of the parties' child and granted the mother's petition for sole custody of the subject child and permission to relocate with the child to North Carolina.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor for the court to consider is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Allain v Allain*, 35 AD3d 513 [2006]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Matter of Brass v Otero*, 40 AD3d 752 [2007]). Upon weighing the appropriate factors here, the Family Court determined that the best interests of the child would be served by awarding the mother custody. There is a sound and substantial basis in the record for this determination.

The father's remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.