In the Matter of DAVID GARCIA, Appellant, v CINDY BECERRA, Respondent. (Proceeding No. 1.) In the Matter of CINDY BECERRA, Respondent, v DAVID GARCIA, Appellant. (Proceeding No. 2.) [890 NYS2d 625]—

The primary consideration in any custody dispute is the best

interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). "Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006] [citations and internal quotation marks omitted]). "Where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Venette v Rhodes,* 301 AD2d 608, 608 [2003]; *see Eschbach v Eschbach,* 56 NY2d at 173).

The Family Court's determination that the best interests of the child would be served by an award of custody to the mother was supported by a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach,* 56 NY2d at 174; *Matter of Brian S. v Stephanie, P.,* 34 AD3d at 686).

"When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Giraldo v Gomez,* 49 AD3d 645, 645 [2008]; *see Matter of Said v Said,* 61 AD3d 879, 881 [2009]). The Family Court, upon weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]), properly determined that relocation was in the child's best interests.

The father's remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.