■ In the Matter of MINDY LEE QUINONES, Appellant, v ERIC GONZALEZ, Respondent. [912 NYS2d 432]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated March 10, 2009, which, after a hearing, denied her petition for sole custody of the parties' child and granted the father's cross petition for sole custody of the child.

Ordered the order is affirmed, without costs or disbursements.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Otero v Nieves*, 77 AD3d 756 [2010]; *Matter of Wakefield v Wakefield*, 74 AD3d 1213 [2010]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family Court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Garcia v Becerra*, 68 AD3d 864 [2009]; *Matter of Bonilla v Amaya*, 58 AD3d 728 [2009]). The Family Court's determination that the child's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record (*see Matter of Roldan v Nieves*, 76 AD3d 634 [2010]; *Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010]).

As there was no prior custody order in effect at the time this proceeding was commenced, the Family Court was not required to engage in a change-of-circumstances analysis (*see Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633, 634 [2010]; *Matter of Khaykin v Kanayeva*, 47 AD3d 817 [2008]; *Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005]; *cf. Matter of Jiminez v Jiminez*, 301 AD2d 971, 972 [2003]). The temporary custody order issued during the pendency of this proceeding without the benefit of a full plenary hearing is only one factor relevant to the ultimate determination of custody (*see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]; *Matter of Anson v Anson*, 20 AD3d at 603-604; *Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.