In the Matter of ALANIE H., JR., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALANIE H., Appellant, et al., Respondent. [922 NYS2d 166]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated March 4, 2010, as, upon so much of a fact-finding order of the same court (Ruiz, J.), dated May 19, 2009, made after a hearing, finding that he neglected the subject child, placed the subject child in the custody of the Commissioner of Social Services until June 14, 2010. The appeal from the order of disposition brings up for review the fact-finding order dated May 19, 2009.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services until June 14, 2010, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, so much of the petition as alleged neglect against the father is dismissed, and the fact-finding order is modified accordingly.

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until June 14, 2010, must be dismissed as academic, as that portion of the order has expired by its own terms (*see Matter of Andrew Y.*, 44 AD3d 1063, 1064 [2007]; *Matter of Amber C.*, 38 AD3d 538, 539-540 [2007]; *Matter of Daqwuan G.*, 29 AD3d 694, 695 [2006]). However, the appeal from the portion of the order of disposition which brings up for review the finding of neglect against the father is not academic, since a finding of neglect constitutes a "permanent and significant stigma," from which potential future consequences may flow (*Matter of Andrew Y.*, 44 AD3d at 1064 [internal quotation marks and citations omitted]; *see Matter of Amber C.*, 38 AD3d at 539-540; *Matter of Daqwuan G.*, 29 AD3d at 695).

The Family Court defines a neglected child as, inter alia, a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in supplying the child with . . . medical . . . care . . ." (Family Ct Act § 1012 [f] [i] [A]). "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (*Matter of Shawndel M.*, 33 AD3d 1006, 1006 [2006]).

Here, the hearing evidence demonstrated that the subject child, then four months old, had been hospitalized for 10 days for treatment of presumptive meningitis and, during that time, a procedure was performed to release fluid from the child's head. When the child was discharged, his head was still enlarged, but the parents were advised that this condition would ameliorate within one week. Three days later, the mother called the child's doctor at 10:00 P.M. because the child had vomited and his head was still enlarged. The doctor advised that it was difficult to assess the child's condition from a telephone conversation and that the parents "should probably" bring the child to the emergency room. The mother then checked the child's temperature, which was normal, and the parents decided to take the child to the doctor in the morning. The father stayed up most of the night with the child to monitor his condition. The following morning the parents took the child to the doctor,

and the child was admitted to the hospital. The day after the child was admitted, he underwent another procedure to release excess fluid from his head.

There is no allegation that the child's condition was actually impaired by the father's conduct. Further, there was no medical testimony presented, and it is not otherwise evident, that the decision to wait until morning to seek medical care placed the child in imminent danger. Under these circumstances, the Family Court improvidently exercised its discretion in determining that the respondent proved, by a preponderance of the evidence, that the father neglected the child (*see Matter of Shawndel M.*, 33 AD3d at 1006; Family Ct Act § 1012 [f]; *see generally Matter of Hofbauer*, 47 NY2d 648, 654 [1979]; *cf. Matter of Zakrya M.*, 18 AD3d 754 [2005]; *Matter of Faridah W.*, 180 AD2d 451, 452-453 [1992]; *Matter of Junaro C.*, 145 AD2d 558, 559 [1988]). Accordingly, so much of the petition as alleged neglect against the father should have been dismissed. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.