■ In the Matter of AMOREIH S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE S., Appellant. (Proceeding No. 1.) In the Matter of AUTUMN S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE S., Appellant. (Proceeding No. 2.) In the Matter of JORDAN S.

SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE S., Appellant. (Proceeding No. 3.) In the Matter of AMOREIH S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; STEVEN S., Respondent. (Proceeding No. 4.) In the Matter of AUTUMN S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; STEVEN S., Respondent. (Proceeding No. 5.) In the Matter of JORDAN S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; STEVEN S., Respondent. (Proceeding No. 6.) [923 NYS2d 359]—

In six related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Hoffmann, J.), dated November 20, 2009, as, after a fact-finding and dispositional hearing, found that she neglected her son Jordan and derivatively neglected her daughters Amoreih and Autumn, and imposed certain conditions on her continued custody of the children.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the petitions in proceeding Nos. 1, 2, and 3 are dismissed.

A "neglected child" is defined as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]).

As the mother correctly contends, the Family Court's finding of neglect against her was not supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing established that the mother and the father were arguing while the father was carrying their son Jordan in a baby carrier. During the argument, a friend of the mother attempted to grab the baby and the baby fell out of the carrier. There was no evidence that the mother and father engaged in a physical altercation. While a single incident may suffice to sustain a finding of neglect (*see Matter of Lester M.*, 44 AD3d 944, 945 [2007]), the record here does not support such a finding.

Further, since the finding of derivative neglect regarding the

mother's two daughters was based on the neglect determination with respect to her son, that finding, too, is unsupported by the evidence (*see Matter of Iyanah D.*, 65 AD3d 927, 928 [2009]). Mastro, J.P., Hall, Lott and Cohen, JJ., concur.