In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.), dated November 22, 2011, as, after a hearing, found that she neglected the subject child.
Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The Family Court entered a finding of neglect based on the mother’s failure “to cooperate with medical personnel to provide necessary medical care for the child’s diagnosed mental illness.”
To establish neglect based upon a parent’s failure to provide adequate medical care, a petitioner must prove, by a preponderance of the evidence, that the child’s physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in supplying the child with adequate medical care though financially able to do so (see Family Ct Act § 1012 [f] [i] [A]; § 1046; Matter of Alanie H., 83 AD3d 1066 [2011]; see also Matter of Shawndel M., 33 AD3d 1006 [2006]; Matter of Faridah W., 180 AD2d 451 [1992]).
A parent’s unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child’s emotional health may support a finding of neglect (see Matter of Terrence P., 38 AD3d 254 [2007]; Matter of Felicia D., 263 AD2d 399 [1999]). However, “in the context of medical ne *796 gleet, the court’s role is not as surrogate parent and the inquiry is not posed in absolute terms of whether the parent has made the ‘right’ or ‘wrong’ decision” (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004], quoting Matter of Hofbauer, 47 NY2d 648, 656 [1979]). Rather, the court, in deciding whether a parent has been neglectful in depriving his or her child of adequate medical care, must determine whether the parent has provided an acceptable course of treatment in light of all the surrounding circumstances (see Matter of Hofbauer, 47 NY2d at 656).
Here, it was not established by a preponderance of the evidence that the mother failed to provide an acceptable course of treatment. There was no evidence that the mother’s concerns regarding the medication recommended by the child’s doctors, and her preference that the child be discharged to a private hospital, were anything but reasonable and appropriate (see Matter of Hofbauer, 47 NY2d 648 [1979]; Matter of Terrence P., 38 AD3d 254 [2007]). Moreover, the evidence did not establish that the child’s physical, mental, or emotional condition was, or was in imminent danger of becoming, impaired as a result of the mother’s failure to cooperate with medical treatment (see Matter of Alanie H., 83 AD3d 1066 [2011]; Matter of Felicia D., 263 AD2d 399 [1999]; cf. Matter of Alexander L. /Andrea L.], 99 AD3d 599 [2012]).
In light of our determination, the mother’s remaining contention has been rendered academic. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.