In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (LoPresti, Ct. Atty. Ref.), dated January 19, 2012, as amended by an order of the same court dated June 4, 2012, which, after a hearing, granted the mother’s petitions for sole legal and physical custody of the subject children and established a visitation schedule for the father.
Ordered that the order, as amended, is affirmed, without costs or disbursements.
The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Otero v Nieves, 77 AD3d 756 [2010]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family Court’s findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Garcia v Becerra, 68 AD3d 864 [2009] ; Matter of Bonilla v Amaya, 58 AD3d 728 [2009]). Here, the Family Court’s determination that the subject children’s best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record (see Matter of Quinones v Gonzalez, 79 AD3d 893 [2010] ; Matter of Bonilla v Amaya, 58 AD3d at 728).
Contrary to the father’s arguments, as the parties’ former custody arrangement was an informal one, and as there was no prior custody order in effect at the time this proceeding was commenced, the Family Court was not required to engage in a change-of-circumstances analysis (see Matter of Louis M. v Administration for Children’s Servs., 69 AD3d 633, 634 [2010]; Matter of Smith v Smith, 61 AD3d 1275 [2009]; Matter of Anson v Anson, 20 AD3d 603, 603-604 [2005]).
There is no merit to the father’s remaining contentions that the Family Court should have, sua sponte, conducted an in camera interview with the children, or that the order appealed from demonstrated that the Family Court was biased against him. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.
*675 Motion by the attorney for the children, inter alia, to dismiss an appeal from an order of the Family Court, Nassau County, dated January 19, 2012, as amended on June 4, 2012, on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 13, 2013, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
Ordered that the branch of the motion which was to dismiss the appeal is denied. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.