■ In the Matter of JAELIN L. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KIMRENEE C., Appellant. (Proceeding No. 1.) In the Matter of ASHTON B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KIMRENEE C., Appellant. (Proceeding No. 2.) In the Matter of BARTHOLOMEW A., Respondent, v KIMRENEE C., Appellant. (Proceeding No. 3.) [5 NYS3d 246]—

Appeals from three orders of disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), each dated December 5, 2013. The first order, insofar as appealed from, inter alia, placed the child Jaelin L. in the custody of the Commissioner of Social Services until the conclusion of the next permanency hearing. The second order, insofar as appealed from, inter alia, placed the mother under the supervision of the Administration for Children's Services with respect to her visitation with the child Ashton B. upon the award of custody to the father. The third order granted the father's petition for a final order of custody of the child Ashton B. The appeals from the first two orders of disposition bring up for review an order of fact-finding of that court dated July 9, 2012, which, after a

hearing, found that the mother had neglected the child Jaelin L. and derivatively neglected the child Ashton B.

Ordered that on the Court's own motion, the notice of appeal from a decision dated December 5, 2013, is deemed to be a notice of appeal from the three orders of disposition dated December 5, 2013 (CPLR 5512 [a]); and it is further,

Ordered that the first two orders of disposition are affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the third order of disposition is affirmed, without costs or disbursements.

In its fact-finding order dated July 9, 2012, the Family Court found that the mother neglected the child Jaelin L. based, in part, on the mother's refusal to consent to certain medical treatment for Jaelin with respect to his mental health issues. The Family Court also found that the mother derivatively neglected the child Ashton B. on the ground that Ashton was in the mother's care and that the manner in which the mother acted with regard to Jaelin's mental health issues showed a lack of parenting judgment.

To establish neglect based upon a parent's failure to provide adequate medical care, a petitioner must prove, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in supplying the child with adequate medical care, though financially able to do so (see Family Ct Act §§ 1012 [f] [i] [A]; 1046; Matter of Ariel P. [Lisa W.], 102 AD3d 795, 795 [2013]; Matter of Alanie H., 83 AD3d 1066, 1067 [2011]). A parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect (see Matter of Ariel P. [Lisa W.], 102 AD3d at 795; Matter of Terrence P., 38 AD3d 254 [2007]; Matter of Felicia D., 263 AD2d 399 [1999]). Even so, in the context of a petition alleging medical neglect, "the court's role is not as surrogate parent and the inquiry is not posed in absolute terms of whether the parent has made the 'right' or 'wrong' decision" (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004], quoting Matter of Hofbauer, 47 NY2d 648, 656 [1979]; see Matter of Ariel P. [Lisa W.], 102 AD3d at 795-796). Rather, in deciding whether a parent has been neglectful by depriving his or her child of adequate medical care, the court must determine whether the parent has provided an acceptable course of treatment in light of

all of the surrounding circumstances (*see Matter of Hofbauer*, 47 NY2d at 656).

Here, the mother's refusal to consent to the course of medical treatment proposed by mental health professionals would not, by itself, have justified a finding of medical neglect. Nonetheless, the credible evidence established that the mother did not merely disagree with the course of medical treatment proposed for Jaelin, but also refused to cooperate in formulating any appropriate treatment for Jaelin. The credible evidence established that the mother opposed not only invasive testing, but noninvasive testing as well, and she discounted or denied the seriousness of the child's symptoms, which included hallucinations and a desire to harm himself. The mother's conduct put the child in imminent danger of impairment (*see Matter of Shawndel M.*, 33 AD3d 1006, 1006-1007 [2006]; *cf. Matter of Ariel P. [Lisa W.]*, 102 AD3d at 795-796; *Matter of Terrence P.*, 38 AD3d 254, 256-257 [2007]). Under these circumstances, the Family Court's determination that the mother neglected Jaelin was supported by a preponderance of the evidence (*see Matter of Shawndel M.*, 33 AD3d at 1006-1007; *cf. Matter of Amir L. [Chantel B.]*, 104 AD3d 505, 506 [2013]). Moreover, the mother's medical neglect as to Jaelin supported a determination of derivative neglect as to Ashton (*see Matter of Jaylynn R. [Monica D.]*, 107 AD3d 809, 810 [2013]; *Matter of Amoreih S. [Nicole S.]*, 84 AD3d 1246, 1247-1248 [2011]; *Matter of Iyanah D.*, 65 AD3d 927, 928 [2009]).

The Family Court did not improvidently exercise its discretion in granting the father's petition for legal and physical custody of Ashton. The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Land-Wheatley v Land-Wheatley*, 108 AD3d 674, 674 [2013]). Inasmuch as custody determinations depend in large part on the Family Court's assessment of the character and credibility of the parties and witnesses, that court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Land-Wheatley v Land-Wheatley*, 108 AD3d at 674; *Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009]; *Matter of Bonilla v Amaya*, 58 AD3d 728, 729 [2009]). Here, the Family Court's determination that Ashton's best interests would be served by an award of sole legal and physical custody to the father has a sound and substantial basis in the record (*see Matter of Land-Wheatley v Land-Wheatley*, 108 AD3d at 674; *Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]).

The mother's contentions with regard to an interim order of custody dated March 29, 2012, are academic in light of the order of disposition dated December 5, 2013, granting the father's petition for a final order of custody.

The mother's remaining contention is without merit. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.