Matter of Cohen D. (Chantal D.) (2018 NY Slip Op 00111)





Matter of Cohen D. (Chantal D.)


2018 NY Slip Op 00111


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5407 5406

[*1]In re Cohen D., and Another, Children under the Age of Eighteen Years, etc., Chantal D., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Chantal D., appellant.
Andrew J. Baer, New York, for Rakeem D., appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about August 22, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 9, 2016, which found neglect and derivative neglect, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence in the record supports Family Court's determinations that both parents medically neglected Cohen, who was born prematurely and with serious medical issues, that the mother neglected both Cohen and Carmaj on account of her untreated mental health condition, and that the father derivatively neglected Carmaj (see Family Court Act §§ 1012[f][1][A]; 1046[b][i]).
The medical and hospital records and the testimony of Cohen's pediatrician at Bellevue Hospital show that the parents failed to ensure that Cohen received adequate nutrition, which led to a diagnosis of failure to thrive. The pediatrician ruled out other possible causes for the child's failure to thrive, and, after he was re-admitted to the hospital, Cohen fed well, gained weight steadily, and exhibited none of the intestinal issues that the parents had cited as barriers to feeding him (see Matter of Justin A. [Jesus A.], 94 AD3d 575 [1st Dept 2012], lv denied 19 NY3d 807 [2012]. The record also shows that the father left the home at some point, leaving the children's care to the mother, who was uncooperative with Cohen's doctors, missed appointments, and disregarded medical advice. The mother's conduct placed the medically vulnerable Cohen in imminent danger of impairment; among other things, she caused an extended delay in obtaining early intervention services for him (see Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795 [2d Dept 2015], lv denied 25 NY3d 910 [2015]; Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1098-99 [3d Dept 2014]). Petitioner agency repeatedly referred the mother for mental health evaluations, but she failed to address her evident mental health issues, which significantly impaired her judgment concerning the medical and other needs of both children (see Matter of Danielle M., 151 AD2d 240, 243 [1st Dept 1989]; Matter of Zariyasta S., 158 AD2d 45, 48 [1st Dept 1990]).
The parents' medical neglect of Cohen demonstrates so flawed an understanding of the responsibilities and duties of parenthood as to support the finding of derivative neglect of Carmaj (see Family Court Act § 1046[a][i]; Matter of Justin A., 94 AD3d at 575).
We have considered the parents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK