Matter of Nsongurua N. (Nsikak O.) (2018 NY Slip Op 01064)





Matter of Nsongurua N. (Nsikak O.)


2018 NY Slip Op 01064


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2017-01728
 (Docket No. N-6116-14)

[*1]In the Matter of Nsongurua N. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Nsikak O. (Anonymous), appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Dawn M. Shammas, Harrison, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Dutchess County (Joan S. Posner, J.), entered November 9, 2016. The order, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child began living with the father in August or September 2013, when she was almost 12 years old. The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 against the father in November 2014, after the child was temporarily removed from the father's care. Following a fact-finding hearing, the Family Court found that the father neglected the child by, among other things, inflicting excessive corporal punishment upon her and failing to seek medical treatment for the child, who suffered from chronic bed wetting for over a year while in his care.
Pursuant to Family Court Act § 1046(b)(i), the petitioner has the burden of establishing neglect by a preponderance of the evidence (see Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Laequise P. [Brian C.], 119 AD3d 801, 802). Although a parent has the right to use reasonable physical force against a child to maintain discipline or promote the child's welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Laequise P. [Brian C.], 119 AD3d at 802; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685; Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473). To establish neglect based upon a parent's failure to provide adequate medical care, a petitioner must prove that the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in supplying the child with adequate medical care though financially able to do so (see Family Ct Act §§ 1012[f][i][A]; 1046; Matter of Alanie H., 83 AD3d 1066; see also Matter of Shawndel M., 33 AD3d 1006; Matter of Faridah W., 180 AD2d 451).
Here, the Family Court's finding of neglect is supported by a preponderance of the evidence. The child's out-of-court statements describing the father's excessive corporal punishment of her were sufficiently corroborated by the testimony of a caseworker and a police investigator, who observed scars and lacerations on the child's body consistent with the child's statements (see Matter of Francini C. [Yasmin P.], 112 AD3d 532; Matter of Dareth O., 304 AD2d 667). Further, the father admitted that the child suffered from chronic bed wetting for over a year while in his care, and that he failed to seek medical treatment for her condition. Instead, the father attempted to manage the child's symptoms by having her sleep on the kitchen floor of his home, where he could watch her, and waking her up periodically throughout the night. Under the circumstances, the father's actions were unreasonable and inappropriate and placed the child in imminent danger of suffering physical, mental, or emotional harm.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court