Matter of Ashley A.F. (Juan T.) (2020 NY Slip Op 02046)





Matter of Ashley A.F. (Juan T.)


2020 NY Slip Op 02046


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-13262
 (Docket No. N-9976-17)

[*1]In the Matter of Ashley A. F. (Anonymous). Administration for Children's Services, respondent; Juan T. (Anonymous), appellant.


Carol Lipton, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Kevin Osowski of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Juan T. appeals from an order of disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated October 22, 2018. The order of disposition, upon an order of fact-finding of the same court, also dated October 22, 2018, made after a fact-finding hearing, finding, inter alia, that Juan T. sexually abused the subject child, released the child to the custody of the nonrespondent mother.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
From 2012 through 2015, the subject child, Ashely A. F., resided with her mother and Juan T., who was her stepfather. In May 2017, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that Juan T., a person legally responsible for Ashely A. F., sexually abused her. Following a fact-finding hearing, in an order of fact-finding dated October 22, 2018, the Family Court found, inter alia, that Juan T. sexually abused Ashely A. F. The court also issued an order of disposition releasing Ashely A. F. to the custody of the nonrespondent mother. Juan T. appeals.
" At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence'" (Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202, quoting Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857). " Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Jose E. [Jose M.], 176 AD3d at 1202, quoting Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Here, ACS established by a preponderance of the evidence that Juan T. sexually abused Ashely A. F. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Matter of Jose E. [Jose M.], 176 AD3d at 1202). Ashely A. F.'s testimony as to multiple instances of abuse by Juan T. was sufficient [*2]to support a finding of abuse (see Matter of M.W. [Mohammad W.], 172 AD3d 879, 881). Contrary to the contention of Juan T., any inconsistencies between Ashely A. F.'s testimony and her out-of-court statements did not render such testimony unworthy of belief (see Matter of Jose E. [Jose M.], 176 AD3d at 2013).
Contrary to Juan T.'s contention, he was not denied the effective assistance of counsel at the fact-finding hearing. "An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials" (see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856). The record does not demonstrate that Juan T.'s counsel lacked a legitimate, strategic reason for the decisions made during the hearing (see id. at 856). Viewed in totality, the record reveals that Juan T. received meaningful representation at the hearing (see id.).
Juan T.'s remaining contentions are either not properly before this Court as they are beyond the scope of review on this appeal, or without merit.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court