Matter of Judah S. (Gary R.) (2020 NY Slip Op 03231)





Matter of Judah S. (Gary R.)


2020 NY Slip Op 03231


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2019-01525
 (Docket Nos. N-25204-17, N-25205-17, N-25206-17)

[*1]In the Matter of Judah S. (Anonymous). Administration for Children's Services, petitioner-respondent; Gary R. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Victoria R. (Anonymous). Administration for Children's Services, petitioner-respondent; Gary R. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Joel R. (Anonymous). Administration for Children's Services, petitioner-respondent; Gary R. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)


Heath J. Goldstein, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Julie Steiner of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated January 18, 2019. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children Victoria R. and Joel R., and derivatively neglected the subject child Judah S.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
In an order of fact-finding dated January 18, 2019, the Family Court found that the father neglected the children Victoria R. and Joel R. by failing to cooperate with the Administration for Children's Services (hereinafter ACS) to engage those children in therapy to address their behavioral issues, despite recommendations by a teacher and caseworkers that those children required therapy, and by failing to independently engage those children in therapy. The court also found that the father derivatively neglected the child Judah S. by failing to engage Victoria and Joel in therapy. The father appeals.
" In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected'" (Matter of Madison G. [Lynn T.], 181 AD3d 597, 598, quoting Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759). " To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired'" (Matter of Maurice R. [Darlene R.], 157 AD3d 798, 799, quoting Matter of Mia G. [William B.], 146 AD3d 882, 883). "A parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796). "[I]n deciding whether a parent has been neglectful by depriving his or her child of adequate medical care, the court must determine whether the parent has provided an acceptable course of treatment in light of all of the surrounding circumstances" (id. at 796-797). " Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Ashley A.F. [Juan T.], 181 AD3d 882, 883, quoting Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202 [internal quotation marks omitted]).
Here, a preponderance of the evidence established that Victoria and Joel suffered from behavioral issues at home and at school, the father was made aware of these issues on many occasions, and the father was advised to engage those children in therapy to address these issues, but he failed to do so despite those children's worsening behavior. The evidence also established that the father failed to cooperate in forming a plan of treatment for Victoria and Joel, as he refused to consent to preventative services for those children, failed to utilize ACS's referrals for therapy, and failed to provide ACS with the information necessary to receive assistance in paying for the therapy. Under the circumstances, the Family Court's determination that the father neglected Victoria and Joel was supported by a preponderance of the evidence (see Matter of Maurice R. [Darlene R.], 157 AD3d 798, 799-800; Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 797; Matter of Charlie S. [Rong S.], 82 AD3d 1248, 1249). Moreover, the father's neglect as to Victoria and Joel supported a finding of derivative neglect as to Judah (see Matter of Mia G. [William B.], 146 AD3d at 884; Matter of Richard S. [Lacey P.], 130 AD3d 630, 634; Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 797).
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court