Matter of Nabil H. A. (Vinda F.) (2021 NY Slip Op 04129)





Matter of Nabil H. A. (Vinda F.)


2021 NY Slip Op 04129


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-06200
 (Docket No. N-1439-18)

[*1]In the Matter of Nabil H. A. (Anonymous), Jr. Administration for Children's Services, respondent; Vinda F. (Anonymous), appellant.


Lauri Gennusa, Laurelton, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for respondent.
Shirim Nothenberg, New York, NY, attorney for the child (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Richmond County (Gregory Gliedman, J.), dated July 6, 2020. The order of fact-finding, after a hearing, found that the mother had neglected the subject child.
ORDERED that the order of fact-finding is reversed, on the law, without costs or disbursements, and the finding of neglect is vacated.
The subject child was born in 2002. In 2017, the mother voluntarily placed the child in foster care with the child's aunt. On February 23, 2018, the child was brought to the psychiatric emergency room at Richmond University Medical Center (hereinafter RUMC). She was discharged on February 27, 2018. By petition dated March 19, 2018, the Administration for Children's Services (hereinafter ACS) alleged that the mother had neglected the child by failing to provide her "with proper psychiatric care." Specifically, ACS alleged that the mother had failed to sign RUMC's medical consent forms, causing the hospital to discharge the child. Following a hearing, the Family Court found that the mother had neglected the child. The mother appeals. In an order dated August 6, 2020, the court dismissed the neglect petition without prejudice pursuant to Family Court Act § 1051(c), because the child was then over 18 years old and did not consent to remain in care.
As an initial matter, the mother correctly contends that the August 6, 2020 order did not render this appeal academic. That order did not vacate the finding of neglect (see Matter of Elijah P. [Jane W.], 191 AD3d 984, 985-986; Matter of Crystal S. [Elaine S.], 74 AD3d 823, 824). "Because the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings, the appeal from so much of the order as found that the mother neglected the subject child is not academic" (Matter of Crystal S. [Elaine S.], 74 AD3d at 824-825; see Matter of Elijah P. [Jane W.], 191 AD3d at 986).
"To establish neglect based upon a parent's failure to provide adequate medical care, a petitioner must prove, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a [*2]minimum degree of care in supplying the child with adequate medical care, though financially able to do so" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796; see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). "A parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 796; see Matter of Ariel P. [Lisa W.], 102 AD3d 795). "Even so, in the context of a petition alleging medical neglect, the court's role is not as surrogate parent and the inquiry is not posed in absolute terms of whether the parent has made the right or wrong decision" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 796 [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 370). "Rather, in deciding whether a parent has been neglectful by depriving his or her child of adequate medical care, the court must determine whether the parent has provided an acceptable course of treatment in light of all of the surrounding circumstances" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 796-797; see Matter of Hofbauer, 47 NY2d 648, 657).
Here, ACS failed to establish by a preponderance of the evidence that the mother neglected the child. ACS did not establish that the mother's failure to sign the admissions paperwork for the child's stay at RUMC, or her failure to consent to the child being given a drug known as Risperdal, impaired, or caused imminent risk of impairment of, the child's physical, mental, or emotional condition. Contrary to the allegation in the petition, the child's medical records showed that she was discharged from RUMC because her condition had stabilized and she did not appear to be a threat to herself or others. Moreover, the mother agreed with the recommendation that the child receive follow-up outpatient care, and at the time that the child was discharged, the mother had two such appointments scheduled. As to the mother's failure to consent to the child being given Risperdal, the medical records showed that, despite not being given this medication, the child's condition stabilized during her hospitalization such that she was able to be released safely for outpatient treatment. ACS presented no evidence that outpatient treatment without the use of Risperdal was not "an acceptable course of treatment in light of all of the surrounding circumstances" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d at 796-797).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court