Matter of Yeimi M. (Maria S. V.) (2024 NY Slip Op 00905)

Matter of Yeimi M. (Maria S. V.)

2024 NY Slip Op 00905

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-01698
 (Docket No. N-31649-18)

[*1]In the Matter of Yeimi M. (Anonymous). Administration for Children's Services, petitioner-respondent; Maria S.. (Anonymous), respondent, Atilio C. (Anonymous), appellant.

Jennifer Arditi, Maspeth, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Eva L. Jerome of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child Yeimi M.
Steven P. Forbes, Huntington, NY, attorney for the child Allison M.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Atilio C. appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 10, 2022. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated March 1, 2022, made after a fact-finding hearing, finding that Atilio C. abused and neglected the subject child.
ORDERED that on the Court's own motion, the notice of appeal from a decision dated March 1, 2022, is deemed to be a premature notice of appeal from the order of disposition (see CPLR 5520[c]); and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In December 2018, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the appellant, a person legally responsible for the subject child, sexually abused and neglected her. After a fact-finding hearing, the Family Court found that the appellant abused and neglected the child. This appeal ensued.
"'At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence'" (Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202, quoting Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and [*2]observe their demeanor'" (Matter of Jose E. [Jose M.], 176 AD3d at 1202, quoting Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Here, ACS demonstrated, by a preponderance of the evidence, that the appellant sexually abused and neglected the child (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Penal Law §§ 130.52, 130.55, 130.60, 130.65). The child's testimony as to multiple instances of sexual abuse by the appellant was sufficient to support a finding of abuse and neglect (see Matter of Ashley A.F. [Juan T.], 181 AD3d 882, 883; Matter of Jose E. [Jose M.], 176 AD3d at 1202; Matter of M.W. [Mohammad W.], 172 AD3d 879, 881). Any inconsistencies between the child's testimony and her out-of-court statements did not render such testimony unworthy of belief (see Matter of Ashley A.F. [Juan T.], 181 AD3d at 883; Matter of D.S. [Shaqueina W.], 147 AD3d at 857; Matter of Karime R. [Robin P.], 147 AD3d 439, 440; Matter of Andrea V. [James F.], 128 AD3d 1077, 1078).
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court