Matter of C.C. v Linda C. (2024 NY Slip Op 06150)

Matter of C.C. v Linda C.

2024 NY Slip Op 06150

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Docket No. NN-6536/21 Appeal No. 3197-3197A Case No. 2023-05966 

[*1]In the Matter of C.C., A Child Under the Age of Eighteen Years etc., Administration for Children's Services Petitioner-Respondent,
v
Linda C., Respondent-Appellant.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about October 19, 2023, to the extent it brings up for a review a fact-finding order, same court and Judge, entered on or about October 18, 2023, which determined that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence showing that the child's mental health was threatened by the mother's failure to provide her with needed mental health care services (Family Court Act §§ 1012[f][i][A], 1046[b][i]; see Matter of Danny R., 60 AD3d 450, 450 [1st Dept 2009]). The testimony established that the mother, who adopted the child soon after her birth, was aware that the now-teenaged child needed professional mental health care after self-injuring and being diagnosed with depression after her biological mother died. Nonetheless, despite her awareness of the child's psychological needs, the mother failed to obtain any such care for the child, insisting that there was nothing wrong (see Matter of Felicia D., 263 AD2d 399, 399 [1st Dept 1999]). Furthermore, according to the testimony of the agency caseworker, the mother would not permit the child to wear a locket containing her biological mother's ashes. The caseworker also testified that while in the mother's care, the child was sleeping in an attic room that was stiflingly hot and dirty and was not showering to the point that she was malodorous and had not been given any new clothes in years.
Family Court found that the caseworker's testimony was credible and the mother's was not, and there is no reason to disturb those findings, which are entitled to deference (see Matter of D.B. [Larry B.], 226 AD3d 403, 405 [1st Dept 2024]). Thus, the evidence demonstrated that mother's judgment was so impaired as to expose the child to substantial risk of harm (see Matter of S.H. [Patricia W.], 176 AD3d 515, 516 [1st Dept 2019], lv denied 34 NY3d 909 [2020]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024