In the Matter of SHAWNIECE E. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, Appellant; SONDRA S. et al., Respondents. (Proceeding No. 1.) In the Matter of SHAWN S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, Appellant; SONDRA S. et al., Respondents. (Proceeding No. 2.) In the Matter of GAYLE S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, Appellant; SONDRA S. et al., Respondents. (Proceeding No. 3.)

The evidence presented at the hearing established that the injury sustained by the approximately nine-month-old infant Shawniece E. was medically inconsistent with the explanation of its cause given by the child's mother to hospital personnel. We note, parenthetically, that although the evidence of the mother's account of the injury contained in the hospital record technically may be hearsay, that evidence was properly admitted in these proceedings (see, Family Ct Act § 1046 [a] [iv]). As a result of this evidence, the Family Court erred in its finding that petitioner had failed to establish a prima facie case (Family Ct Act § 1046 [a] [ii]; *Matter of Bobby M.,* 103 AD2d 777). As Family Court Act § 1046 (a) (ii) has been interpreted, once the petitioner has offered sufficient evidence to establish that the child has sustained a "substantial" injury, the burden of going forward with proof shifts to the respondent to show a reasonable and adequate explanation for how the injury occurred (*Matter of Bobby M., supra; Matter of Tashyne L.,* 53 AD2d 629). Because the Family Court terminated these proceedings at the close of petitioner's direct case upon an erroneous finding that a prima facie case had not been established, a new hearing is required.

The Family Court also erred in precluding petitioner from introducing evidence concerning certain allegations not contained in the original petitions, the basis of which preclusion

was the lack of notice to respondents and the protection of their due process rights. Such rights are clearly protected by the procedural mechanism provided by Family Court Act § 1051 (b) which permits a motion to amend a petition to conform it to the proof, but requires that respondents be afforded the opportunity to secure a continuance of the hearing for the purpose of preparing a defense to the amended allegations (*Matter of Terry S.,* 55 AD2d 689). Therefore, upon the rehearing of these matters, should petitioner seek to present newly acquired evidence which otherwise would be admissible, such evidence should be accepted subject to the provisions of Family Court Act § 1051 (b).

Inasmuch as our determination continues the period of removal without determining the application of respondents pursuant to Family Court Act § 1028, the rehearing of these matters should proceed forthwith. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.