■ In the Matter of COUMBA F., Respondent, v MAMDOU D., Appellant. [959 NYS2d 70]—

Order, Family Court, Bronx County (Andrea Masley, J.), entered on or February 18, 2011, which, upon a finding of aggravating circumstances, and incorporating an order of protection entered on or about February 17, 2011, directed respondent father, for a period of five years, to stay away from petitioner and to refrain from communicating with her except with regard to the child, to refrain from committing any family offenses against petitioner and the child, and to attend anger management and domestic violence counseling, unanimously modified, on the facts, to direct respondent to complete the anger management and counseling courses within six months of the date of entry of this order, and otherwise affirmed, without costs.

The finding of aggravating circumstances is supported by a preponderance of the evidence showing that the child was present during a number of violent incidents directed at petitioner (*see* Family Ct Act §§ 827 [a] [vii]; 842; *Matter of Kristine Z. v Anthony C.*, 21 AD3d 1319, 1321 [4th Dept 2005], *lv dismissed* 6 NY3d 772 [2006]). The evidence also shows that petitioner sustained a physical injury, i.e., pain and bruises after respondent struck her, and back pain for a month, for which she sought

medical treatment (*see Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [3d Dept 2009], *lv denied* 14 NY3d 702 [2010]).

Although respondent's violence was directed toward petitioner, it occurred a number of times in the presence of the child; thus the inclusion of the child in the order is warranted (*see* Family Ct Act § 827 [a] [vii]; *Matter of Pei-Fong K. v Myles M.*, 94 AD3d 675 [1st Dept 2012]; *see also Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038 [2d Dept 2003]). In addition, there is evidence that respondent acted violently toward the child. However, we note that the order permits court-ordered visitation and contact between respondent and the child, enabling respondent to maintain a relationship with the child.

The court properly ordered the father to attend anger management and domestic violence counseling. However, since it provided no deadline for the completion of the counseling, we modify as indicated. Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.