*Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford*, 45 NY2d 335, 341 [1978]; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon*, 27 NY2d 369, 373 [1971]; *Matter of Town of Johnstown v City of Gloversville*, 36 AD2d 143, 144 [1971]).

Here, the only proceeding that was commenced was the instant proceeding pursuant to General Municipal Law § 712. While General Municipal Law § 712 (3) provides that the Appellate Division "may stay or transfer and consolidate with the proceeding brought pursuant to subdivision one of this section any other proceeding brought against one of the parties pursuant to the provisions of article seventy-eight of the [CPLR] concerning a matter described in paragraphs a, b, c or d of subdivision one of section seven hundred five of this article and pending in any court," here, since there is no CPLR article 78 proceeding pending, there is nothing for this Court to transfer and consolidate. As such, our determination would be limited to the issue of whether the proposed annexation is in the overall public interest (*see Matter of City Council of City of Saratoga Springs v Town Bd. of Town of Greenfield*, 29 AD2d 167, 169 [1968]).

Under these circumstances, the failure to institute the article 78 proceeding is fatal (*see id.*). "The intent of the Municipal Annexation Article is to have decided all jurisdictional and other threshold issues either by [a] Special Term [of the Supreme Court] or by this court so that the issue to be decided by the 'referees' will be limited to the issue of 'over-all public interest' subject to final review by this court of that issue and 'any question of compliance with the procedural provisions of this article *where such questions are before it*' " (*id*. at 169 [emphasis added], quoting General Municipal Law § 712 [9], [10]; *see Matter of Village of Saugerties v Town of Saugerties*, 201 AD2d 52 [1994]).

As there are questions of compliance with the requirements of paragraphs (a), (b), (c) or (d) of General Municipal Law § 705 (1), which were decided and are not before this Court, we grant the separate motions to dismiss this proceeding, and we dismiss the proceeding without prejudice to the filing of a new petition with the subject municipalities for the same proposed annexation. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.

■ In the Matter of DARRELL W. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TENIKA C., Appellant. (Proceeding No. 1.) In the Matter of DRAYVON C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TENIKA C., Appellant. (Proceeding No. 2.) In the Matter of

ANAIYAH C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TENIKA C., Appellant. (Proceeding No. 3.) [974 NYS2d 85]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Davidson, J.), dated November 28, 2011, as, after a hearing, found that she had neglected the subject children and continued the children's placement in foster care.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; [b] [i]). While only one positive drug test result was referenced in the testimony at the fact-finding hearing, other evidence was adduced of the mother's repeated misuse of drugs without regular participation in a rehabilitative program. This evidence established a prima facie case of neglect and, therefore, neither actual impairment of the children's physical, mental, or emotional conditions, nor specific risk of impairment, needed to be established (see Matter of Audrey K. [Erik K.], 108 AD3d 717 [2013]; Matter of Sadiq H. [Karl H.], 81 AD3d 647 [2011]; Matter of Paolo W., 56 AD3d 966 [2008]).

The mother's claim that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record shows that she received meaningful representation (see Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049 [2013]; Matter of Christiana C. [Carleton C.], 86 AD3d 606 [2011]).

The mother's remaining contention is without merit. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BARTON, Appellant. [973 NYS2d 760]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 16, 2009, convicting him of attempted aggravated murder (three counts), assault in the second degree (three counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.