■ In the Matter of RICHARD S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; LACEY P. et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of SCARLETT S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; LACEY P. et al., Appellants-Respondents. (Proceeding No. 2.) [14 NYS3d 400]—

Appeals from stated portions of an order of the Family Court, Suffolk County (Caren Loguerico, J.), dated December 12, 2013,

and appeals and a cross-appeal from an order of fact-finding and disposition of that court dated December 20, 2013. The order dated December 12, 2013, after a fact-finding hearing, inter alia, denied that branch of the mother's motion which was to dismiss the petition alleging that she neglected the children by her misuse and abuse of prescription medication. The order of fact-finding and disposition dated December 20, 2013, after the fact-finding hearing, in effect, dismissed the petitions alleging that the father, the mother, and the maternal grandmother abused the child Richard S. and derivatively neglected the child Scarlett S., and the petition alleging that the father neglected the children by his misuse and abuse of prescription medication and failure to protect the children from the misuse and abuse of prescription medication by the mother, and found that the father, the mother, and the maternal grandmother medically neglected the child Richard S. and thereby derivatively neglected the child Scarlett S., and that the mother neglected the subject children by her misuse and abuse of prescription medication, and, upon the parties' consent, placed the subject children in the custody of the Suffolk County Commissioner of Social Services and kinship foster care of the paternal grandmother.

Ordered that on the Court's own motion, the petitioner's notice of cross-appeal from the order dated December 12, 2013, is deemed a premature notice of cross-appeal from the order of fact-finding and disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeals by the father, the mother, and the maternal grandmother from the order dated December 12, 2013, are dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeals from the intermediate order dated December 12, 2013, must be dismissed because that order is not appealable as of right and leave to appeal has not been granted (*see* Family Ct Act § 1112 [a]), and any possibility of taking a direct appeal therefrom terminated with the entry of the order of fact-finding and disposition. The issues raised on the appeals from the intermediate order are brought up for review and have been considered on the appeals and cross appeal from the order of fact-finding and disposition (*see* CPLR 5501 [a] [1]; Family Ct Act § 1118).

In August 2012, the petitioner filed separate neglect peti-

tions against the mother and the father. The respective petitions alleged that the mother and father each neglected both of the subject children, Richard S., born March 3, 2011 (hereinafter Ricky), and Scarlett S., born April 4, 2007, by their alleged misuse and abuse of prescription medication prior to and in August 2012. In December 2012, the petitioner filed two petitions, one as to each child, against the father, two petitions, one as to each child, against the mother, and two petitions, one as to each child, against the maternal grandmother. The respective petitions relating to Ricky alleged that the mother, the father, and the maternal grandmother physically abused him, in that he suffered a perforated bowel and fractures to his left leg and left arm and bruises, which were allegedly nonaccidental in nature. The respective petitions relating to Scarlett alleged that she was thereby derivatively neglected.

The Family Court, after a fact-finding hearing, inter alia, dismissed the petitions alleging that the mother, the father, and the maternal grandmother physically abused Ricky, and thereby derivatively neglected Scarlett, and dismissed the petition against the father alleging that he neglected the children by his misuse and abuse of prescription medication. However, the court found that the mother neglected the children by reason of her misuse and abuse of prescription medication. The court also, in effect, conformed the pleadings to the proof to include allegations of medical neglect, and thereupon found that the parents and the maternal grandmother medically neglected Ricky with respect to his aforementioned fractures and perforated bowel, and thereby derivatively neglected Scarlett.

The mother, the father, and the maternal grandmother contend that the Family Court improperly made the medical neglect determination with respect to Ricky and the related derivative neglect determination with respect to Scarlett, because the petitions did not specifically allege medical neglect, and the Family Court did not give them adequate notice of its decision to conform the pleadings to the proof in this regard. Pursuant to Family Court Act § 1051 (b), "[i]f the proof [adduced during the fact-finding hearing] does not conform to the specific allegations of the petition, the court may amend the allegations to conform to the proof; provided, however, that in such case the respondent shall be given reasonable time to prepare to answer the amended allegations" (see Matter of Shawniece E., 110 AD2d 900 [1985]; cf. Matter of Vallery P. [Jondalla P.], 106 AD3d 575 [2013]).

Here, the petitioner and the attorney for the children (hereafter the AFC) requested, without objection, during closing

arguments following the fact-finding hearing, that the Family Court make a medical neglect determination with respect to Ricky and a related derivative neglect determination with respect to Scarlett. The court then gave the parties approximately two months to make any further applications they deemed appropriate. However, neither the mother, the father, nor the maternal grandmother did so and, accordingly, their contention that the Family Court, in effect, improperly conformed the pleadings to the proof is not preserved for appellate review. In any event, under the aforementioned circumstances, the parents and the maternal grandmother were given sufficient notice to amend their answer and an opportunity to secure a continuance of the hearing (*see Matter of Shawniece E.*, 110 AD2d at 901; *cf. Matter of Vallery P. [Jondalla P.]*, 106 AD3d at 575). Further, given the evidence of medical neglect adduced at the hearing, the court's decision, in effect, to conform the pleadings to the proof in the manner complained of was a provident exercise of discretion (*see Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Sharnetta N.*, 120 AD2d 276 [1986]).

Moreover, upon, in effect, conforming the pleadings to the proof, the Family Court properly found that the mother, the father, and the maternal grandmother medically neglected Ricky, and thereby derivatively neglected Scarlett. "In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence" (*Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]; *see Matter of Lucinda A. [Luba A.]*, 120 AD3d 492 [2014]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]). A neglected child includes any child whose "parent" has failed to provide "the child with adequate . . . medical . . . care" (Family Ct Act § 1012 [f] [i] [A]). "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (*Matter of Shawndel M.*, 33 AD3d 1006, 1006 [2006]). Under certain circumstances, a delay in seeking medical care can constitute medical neglect (*cf. Matter of Alanie H.*, 83 AD3d 1066 [2011]). "[I]n the context of medical neglect, the court's role is not as surrogate parent and the inquiry is not posed in absolute terms of whether the parent has made the 'right' or 'wrong' decision" (*Nicholson v Scoppetta*, 3 NY3d 357, 370 [2004]; *see Matter of Hofbauer*, 47 NY2d 648, 656 [1979]). " '[W]hat constitutes adequate medical care cannot be judged in a vacuum' " (*Matter of Terrence P.*, 38 AD3d 254, 256 [2007], quoting *Matter of Felicia D.*, 263 AD2d 399, 399 [1999]). "The critical factor in this determination is 'whether the parents have provided an

acceptable course of medical treatment for their child in light of all the surrounding circumstances' " (*Matter of Terrence P.*, 38 AD3d at 256, quoting *Matter of Hofbauer*, 47 NY2d at 656).

Here, the evidence showed that the mother, the father, and the maternal grandmother medically neglected Ricky, and thereby derivatively neglected Scarlett, when they failed to seek timely medical attention for Ricky with respect to the aforementioned fractures and perforated bowel (*see Matter of Arianna L.*, 55 AD3d 733 [2008]; *Matter of Kevin R.*, 193 AD2d 351 [1993]). The Family Court's assessment of the credibility of the experts who provided conflicting testimony is entitled to deference where, as here, its determination is supported by the record, and we decline to disturb that determination (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Robert A. [Kelly K.]*, 109 AD3d 611, 613 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]; *Matter of Nakym S.*, 60 AD3d 578 [2009]).

The Family Court properly dismissed the petitions alleging that the mother, the father, and the maternal grandmother abused Ricky, and thereby derivatively neglected Scarlett. A prima facie case of abuse may be established by "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]; *see Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d 1021 [2011]). "If the petitioner establishes a prima facie case of abuse, 'the burden of going forward shifts to respondents to rebut the evidence of parental culpability,' although the burden of proof always remains with the petitioner" (*Matter of David T.-C. [Denise C.]*, 110 AD3d 1084, 1085 [2013], quoting *Matter of Philip M.*, 82 NY2d 238, 244 [1993]). Here, the determination of the Family Court that the petitioner established a prima facie case of abuse is not contested on appeal. However, contrary to the petitioner's contention, the mother, the father, and the maternal grandmother presented sufficient evidence to rebut its prima facie case of abuse, through the testimony of their expert witnesses. Therefore, the petitioner failed to establish, by a preponderance of the evidence, that the mother, the father, and the maternal grandmother abused Ricky, and thereby derivatively neglected Scarlett (*see Matter of Jaylin C. [Hassan M.]*, 118 AD3d 872 [2014]; *Matter of David T.-C. [Denise C.]*, 110 AD3d at 1085-1086).

Contrary to the father's and maternal grandmother's contention, the petitioner's brief does not improperly include matter dehors the record, such that its entire brief or the portion

complained of therein, should be stricken. The complained of matter mirrors the "update" properly provided in the AFC's brief (*see Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1034 [2010]).

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.

---

Motion by the appellant-respondent Vicki P. on appeals and a cross appeal from an order of the Family Court, Suffolk County, dated December 12, 2013, and an order of fact-finding and disposition of the same court dated December 20, 2013, to strike the respondent-appellant's brief or stated portions thereof, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated March 17, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is dismissed as academic in light of our determination in the appeals decided herewith (*see Matter of Richard S. [Lacey P.]*, 130 AD3d 630 [2015]). Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.