■ In the Matter of MIA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM B., Appellant. (Proceeding No. 1.) In the Matter of ALYSSA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM B., Appellant. (Proceeding No. 2.) In the Matter of LILLIANA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM B., Appellant. (Proceeding No. 3.) [45 NYS3d 516]—

Appeals from two orders of fact-finding and disposition and

two orders of protection of the Family Court, Suffolk County (Richard Hoffmann, J.), all dated September 17, 2015. The orders of fact-finding and disposition, one as to the child Lilliana B. and one as to the children Mia G. and Alyssa G., after a fact-finding hearing, determined that the father neglected the subject children. The orders of protection ordered the father to stay away from the subject children up to and including September 17, 2016, except when having supervised visitation.

Ordered that the orders of fact-finding and disposition and the orders of protection are affirmed, without costs or disbursements.

Although the orders of protection have expired by their own terms, the appeals from the orders of protection have not been rendered academic "given the totality of the enduring legal and reputational consequences" of the orders of protection (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]).

On appeal, the father challenges the finding of neglect. The father's contention that the standard for determining neglect should be "clear and convincing" to meet federal due process standards is without merit. "In a fact-finding hearing to determine whether a child is abused or neglected, the provision of Family Court Act § 1046 (b) that a finding of neglect 'must be based on a preponderance of the evidence' affords due process under the Federal Constitution" (*Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]).

A neglected child includes a child whose parent has failed to provide "the child with adequate . . . medical . . . care" (Family Ct Act § 1012 [f] [i] [A]). "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (*Matter of Shawndel M.*, 33 AD3d 1006, 1006 [2006]). "[T]he most significant factor in determining whether a child is being deprived of adequate medical care . . . is whether the parents have provided an acceptable course of medical treatment for their child in light of all the surrounding circumstances" (*Matter of Hofbauer*, 47 NY2d 648, 656 [1979]). Here, the evidence showed that the father medically neglected the child Lilliana B. when he failed to seek medical attention for her for a week despite Lilliana B. being born approximately six weeks premature at home and without any medical assistance. Further, when he finally did seek medical attention for Lilliana B. and was advised to immediately take her to the emergency room, he waited a full day before doing so (*see Matter of Richard S. [Lacey P.]*, 130 AD3d 630 [2015]; *Matter of Jaelin L. [Kimrenee C.]*, 126 AD3d 795

[2015]; *Matter of I-Conscious R. [George S.]*, 121 AD3d 566 [2014]; *Matter of Faridah W.*, 180 AD2d 451 [1992]). The result of this delay was Lilliana B. being admitted to the pediatric intensive care unit at Stony Brook Hospital for four days. Moreover, because the evidence established that the father was a person legally responsible for the children Mia G. and Alyssa G. (*see Matter of Yolanda D.*, 88 NY2d 790 [1996]; *Matter of Isaiah L. [Chris B.]*, 119 AD3d 797 [2014]), the medical neglect finding as to Lilliana B. forms the basis upon which a derivative neglect finding may be made as to Mia G. and Alyssa G. (*see Matter of Richard S. [Lacey P.]*, 130 AD3d 630 [2015]).

The evidence further showed that the father neglected each of the children by his misuse of drugs, including cocaine and marijuana (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414 [2012]; *Matter of Paolo W.*, 56 AD3d 966 [2008]; *Matter of William T.*, 185 AD2d 413 [1992]; Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]). The father admitted at the fact-finding hearing that he had been using cocaine and marijuana since 2013 and that he used cocaine about three times and used marijuana about five times during the time that Lilliana B. was in his care. Moreover, a witness from the Treatment Alternative for Safer Communities program testified that the father tested positive for marijuana and cocaine pursuant to a 30-day hair follicle test on May 5, 2015. This evidence established a prima facie case of neglect as to the three subject children, and the father failed to demonstrate that he had entered a rehabilitation program before the neglect petitions were filed and, therefore, failed to rebut that showing (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Paolo W.*, 56 AD3d 966 [2008]; *Matter of Krewsean S.*, 273 AD2d 393 [2000]).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly found that the father neglected the subject children and issued the orders of protection. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.