Matter of Antoinette T. v Michael J.M. (2018 NY Slip Op 00247)





Matter of Antoinette T. v Michael J.M.


2018 NY Slip Op 00247


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Gische, J.P., Webber, Oing, Singh, Moulton, JJ.


5234

[*1]In re Antoinette T., Petitioner-Appellant,
v
Michael J.M., Respondent-Respondent.


Cahill Gordon & Reindel LLP, New York (Kerry A. Burns of counsel), for appellant.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.



Order of fact-finding and disposition (one paper), Family Court, New York County (George L. Jurow, JHO), entered on or about September 28, 2016, which determined, after a hearing, that respondent father had committed, among other things, the family offense of attempted assault in the third degree and that there were no aggravating circumstances, and issued an order of protection against respondent for two years, unanimously modified, on the law and the facts, to vacate the finding of attempted assault in the third degree, find that respondent had committed the family offense of assault in the third degree and that aggravating circumstances exist, and extend the expiration date of the order of protection until September 28, 2021, and otherwise affirmed, without costs.
Family Court found that respondent had at most committed the family offense of attempted assault in the third degree. We agree with the Family Court's findings of fact, but we find that the facts support a finding that respondent committed the family offense of completed assault in the third degree. Under Penal Law § 120.00(1), a person is guilty of assault in the third degree when "with intent to cause physical injury to another person, he causes such injury." "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10[9]). Substantial pain requires "more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]).
Here, a fair preponderance of the evidence supports a finding that respondent committed the family offense of assault in the third degree, including infliction of physical injury (see Family Ct Act §§ 812[1]; 832; Penal Law § 120.00[1]). Petitioner's testimony, which the trier of fact found credible, establishes that on February 1, 2009, respondent inflicted a physical impairment and substantial pain upon petitioner when he punched her in the head and face with a closed fist, causing bruising and pain that lasted for two days and which she testified left a permanent mark on her nose. In a separate series of incidents, on June 6, 2010, respondent punched petitioner several times in her face and once on her left shoulder resulting in intense pain to the face and left shoulder. Later, respondent pushed petitioner down five concrete stairs, causing severe pain for approximately 24 hours, and requiring an overnight hospitalization where she was prescribed pain medication (see Penal Law § 10.00[9]; People v Tejeda, 78 NY2d 936 [1991]; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 634-635 [1st Dept 2013]).
Given the evidence that respondent inflicted these numerous substantial physical injuries upon petitioner, Family Court also improvidently exercised its discretion in declining to find aggravating circumstances based on physical injury (Family Ct Act § 827[a][vii]). While the more serious conduct occurred in 2009 and 2010, offending conduct putting petitioner at risk continued (Family Ct Act § 842 ["The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order"]). Under all the circumstances, we find that a five-year order of protection is warranted (see Family Ct Act § 842; Matter of
Coumba F., 102 AD3d at 634; Matter of Holder v Francis, 67 AD3d 679 [2d Dept 2009], lv [*2]denied 15 NY3d 707 [2010]; Matter of Muller v Muller, 221 AD2d 635, 637 [2d Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK