Matter of Maurice R. (Darlene R.) (2018 NY Slip Op 00295)





Matter of Maurice R. (Darlene R.)


2018 NY Slip Op 00295


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00176
 (Docket No. N-16925-14)

[*1]In the Matter of Maurice R. (Anonymous). Administration for Children's Services, respondent;
and
Darlene R. (Anonymous), appellant.


Jill M. Zuccardy, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated November 22, 2016. The order, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In May 2014, the then 15-year-old subject child, who had been diagnosed with attention deficit hyperactivity disorder, autism, and bipolar disorder, exhibited suicidal ideations at school and was hospitalized for approximately one month. His discharge instructions from the hospital included therapy and medication. The mother, however, failed to follow up with those instructions and, in early September 2014, the child again exhibited suicidal ideations, stating that he had thoughts about wanting to jump off the Van Wyck Expressway. The petitioner's caseworker, who had recently become involved in the case, advised the mother to take the child to the hospital for a psychiatric evaluation, and the mother agreed to do so, but instead she took the child home. The following day, the caseworker herself took the child to the hospital, and he was admitted and treated as an in-patient for several weeks.
The petitioner filed a neglect petition against the mother. Following a fact-finding hearing, the Family Court found that the mother had neglected the child. The mother appeals from the neglect finding.
Under the Family Court Act, a "neglected child" is defined, in part, as a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate . . . medical . . . care . . . or in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a [*2]substantial risk thereof" (Family Ct Act § 1012[f][i][A], [B]). "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (Matter of Mia G. [William B.], 146 AD3d 882, 883 [internal quotation marks omitted]). "[T]he most significant factor in determining whether a child is being deprived of adequate medical care . . . is whether the parents have provided an acceptable course of medical treatment for their child in light of all the surrounding circumstances" (id. at 883 [internal quotation marks omitted]). "A parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796). Additionally, a parent's failure to follow treatment recommendations for a child upon that child's discharge from a psychiatric hospitalization can constitute medical neglect (see Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348).
Here, the Family Court properly found, by a preponderance of the evidence, that the mother neglected the child because, for a three-month period after the child's May 2014 hospitalization, the mother did not take the child for therapy that he needed or ensure that he took his medication, and she failed to take the child to the emergency room as instructed after the child exhibited suicidal ideations for a second time in early September 2014.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court