Olson v Olson (2018 NY Slip Op 00469)





Olson v Olson


2018 NY Slip Op 00469


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


350024/13 5550N 5549

[*1] Stephanie Olson, Plaintiff-Respondent,
v
David Olson, Defendant-Appellant.


David Olson, appellant pro se.
Frejka PLLC, New York (Elise Frejka of counsel), for respondent.



Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about August 9, 2016, which, after a fact-finding hearing, granted plaintiff wife's application for a final order of protection and issued a five-year order of protection against defendant husband upon a finding of aggravating circumstances, unanimously affirmed, without costs. Order, same court and Justice, entered November 15, 2016, which denied the husband's motion for a recusal, unanimously affirmed, without costs.
The credibility determinations of the Integrated Domestic Violence (IDV) Court are supported by the record and are entitled to deference. We see no basis to disturb them. (Matter of Kondor v Kondor, 109 AD3d 660 [2nd Dept 2013]; Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]). The court's findings that the husband committed the family offenses of third-degree assault and second-degree harassment, which caused the wife physical injury on two separate occasions, were supported by the record. The presence of these aggravating circumstances warranted the issuance of a five-year final order of protection in plaintiff's favor as reasonably necessary to provide meaningful protection to plaintiff (see Family Ct Act §§ 827[a][vii]; 842; Matter of Coumba F. v Mamdou D., 102 AD3d 634 [1st Dept 2013]; Mistretta v Mistretta, 85 AD3d 1034 [2d Dept 2011]). The fact that a temporary order of protection was in effect during the pendency of the lengthy proceedings before the IDV Court does not dictate a contrary result. In any case, the order of protection was issued in accordance with Domestic Relations Law §§ 240 and 252, which do not, under these circumstances, prescribe any time limit for its duration.
We have considered the husband's remaining arguments, including those regarding the denial of his recusal motion, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK