Matter of Katalina M. (Lakira C.) (2021 NY Slip Op 04843)





Matter of Katalina M. (Lakira C.)


2021 NY Slip Op 04843


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


547 CAF 19-01537

[*1]IN THE MATTER OF KATALINA M., JAMIR M., AND JAKIR M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LAKIRA C., RESPONDENT-APPELLANT, AND JULIUS M., RESPONDENT.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DOUGLAS P. STILLER, BUFFALO, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered July 31, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the youngest subject child and derivatively neglected the two oldest subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order, issued following a fact-finding hearing, that determined, inter alia, that she neglected the youngest of the subject children and derivatively neglected the other two subject children.
We reject the mother's contention that petitioner failed to prove by a preponderance of the evidence that she neglected the youngest child. We accord great weight and deference to Family Court's determinations, including its drawing of inferences and assessment of credibility, and will not disturb those determinations where they are supported by the record (see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013]). Here, the record supports the court's finding that the child was in imminent danger of impairment as a result of the mother's failure to provide for her medical needs although offered the assistance to do so (see Family Ct Act § 1012 [f] [i] [A]; Matter of Mia G. [William B.], 146 AD3d 882, 883 [2d Dept 2017]; Matter of Richard S. [Lacey P.], 130 AD3d 630, 633 [2d Dept 2015], lv denied 26 NY3d 906 [2015]). The evidence established, inter alia, that the mother failed to take certain steps necessary to address the youngest child's serious health challenges and that, when offered daycare assistance for her two older children, which would have enabled the mother to be present and available to address the medical needs of her youngest child, the mother refused that assistance to the detriment of the youngest child's care and treatment.
Contrary to the mother's contention that the court erred in determining that she derivatively neglected the two older children, we conclude that the record supports the court's determination that "the evidence of . . . neglect of [the youngest] child indicates a fundamental defect in [the mother's] understanding of the duties of parenthood . . . or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774 [2d Dept 2017] [internal quotation marks omitted]; see Matter of Jacob W. [Jermaine W.], 170 AD3d 1513, 1513-1514 [4th Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, [*2]1348 [4th Dept 2015]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court