Matter of Marta M. v Gopal M. (2023 NY Slip Op 00266)

Matter of Marta M. v Gopal M.

2023 NY Slip Op 00266

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Docket No. O-19926/19/21A Appeal No. 17163 Case No. 2022-02364 

[*1]In the Matter of Marta M., Petitioner-Respondent,
v
Gopal M., Respondent-Appellant.

Larry S. Bachner, New York, for appellant.
Sanctuary for Families, Inc., Bronx (Jennifer C. Friedman of counsel) and Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Paige Grier of counsel), for respondent.
The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the children.

Order, Family Court, Bronx County (Michael A. Frishman, J.), entered on or about April 19, 2022, which, upon a fact-finding determination that respondent father committed the family offenses of harassment in the first and second degrees, sexual abuse in the third degree, forcible touching, menacing in the second and third degrees, and assault in the third degree, granted a five-year stay away order of protection to petitioner mother and a two-year order of protection to the parties' children, unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's determination that the father committed harassment in the first and second degrees (Family Court Act § 832; Penal Law §§ 240.25, 240.26). The father repeatedly threatened the mother's and children's lives, and on one occasion coupled a threat with his throwing metal objects at the mother and younger child (see Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167 [2d Dept 2016]). His intent to alarm the mother can be inferred from the circumstances (see Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1323-1324 [3d Dept 2017]).
A fair preponderance of the evidence also supports Family Court's determination that the father committed menacing in the second and third degrees (Penal Law §§ 120.14[1]; 120.15). Everyday objects can be dangerous instruments if used in a manner that can cause serious injury (see e.g. Matter of Monos v Monos, 123 AD3d 931, 931 [2d Dept 2014]; Matter of Joy T., 106 AD3d 456, 456-457 [1st Dept 2013]). Even if the tray and cup could not be considered dangerous objects, the father's throwing them at the mother and child was sufficient to establish menacing in the third degree (see Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1165-1166 [3d Dept 2017], lv denied 31 NY3d 901 [2018]).
The mother's testimony supports Family Court's finding that the father committed assault in the third degree when he grabbed her wrist and would not let her go, causing her to sustain wrist pain and redness (Penal Law § 120.00[1]; see People v Chiddick, 8 NY3d 445, 447-448 [2007]; Matter of Martha B. v Julian P., 133 AD3d 418, 419 [1st Dept 2015]).
A fair preponderance of the evidence also supports Family Court's conclusion that the father committed the family offenses of sexual abuse in the third degree and forcible touching (Penal Law §§ 130.55, 130.00[3]; 130.52[1]). The mother's testimony, which the court found credible, established that on numerous occasions, the father carried her into his bedroom and forced her into nonconsensual sexual relations. There is no basis to disturb the court's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). Moreover, the Court of Appeals has rejected the father's claim that sexual abuse in the third degree is a lesser included offense of forcible touching (People v Guaman, 22 NY3d 678, 683 [2014]).
It was not an abuse of discretion for Family Court to conclude [*2]that a five-year order of protection for the mother's benefit, and a two-year order of protection for the children's benefit was warranted under these circumstances. The finding of aggravating circumstances is supported by a preponderance of the evidence showing that the child was present during a number of violent incidents directed at petitioner (see Family Court Act § 827 [a] [vii]; 842; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 634-635 [1st Dept 2013]; Matter of Monique J. v Keith S., 194 AD3d 611, 612 [1st Dept 2021]). Aggravating circumstances also exist when the record demonstrates repeated violations of prior orders of protection (see Family Court Act § 827[a][vii]; Matter of Jaynie S. v Gaetano D., 134 AD3d 473, 474 [1st Dept 2015], lv denied, 26 NY3d 917 [2016]). The father's argument that the children should not have been included in the order of protection is not preserved for appellate review (see Matter of Tatyana M. v Mark R., 205 AD3d 420, 422 [1st Dept 2022]). In any event, inclusion of the children was warranted, as certain of the family offenses occurred in their presence (id.; see also Matter of Coumba F., 102 AD3d at 635).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023