Matter of Autumn M. (Sita P. M.) (2023 NY Slip Op 00868)

Matter of Autumn M. (Sita P. M.)

2023 NY Slip Op 00868

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-05890
 (Docket Nos. N-14734-16, N-14735-16, N-14736-16, N-14737-16)

[*1]In the Matter of Autumn M. (Anonymous). Administration for Children's Services, petitioner-respondent; Sita P. M. (Anonymous), respondent-appellant, et al., respondents. (Proceeding No. 1.)
In the Matter of Romeo O. (Anonymous). Administration for Children's Services, petitioner-respondent; Sita P. M. (Anonymous), respondent-appellant, et al., respondents. (Proceeding No. 2.)
In the Matter of Lylia A. O. (Anonymous). Administration for Children's Services, petitioner-respondent; Sita P. M. (Anonymous), respondent-appellant, et al., respondents. (Proceeding No. 3.)
In the Matter of Don A. O. (Anonymous). Administration for Children's Services, petitioner-respondent; Sita P. M. (Anonymous), respondent-appellant, et al., respondents. (Proceeding No. 4.)

Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent-appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and D. Alan Rosinus, Jr., of counsel), for petitioner-respondent.
Michael E. Lipson, Jericho, NY, attorney for the children Romeo O., Lylia A. O., and Don A. O.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Sita P.M. appeals from an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 28, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Sita P.M. medically neglected the child Romeo O. and derivatively neglected the children Autumn M., Lylia A. O., and Don A. O.
ORDERED that the order of fact-finding is modified, on the law, by deleting the provision thereof finding that Sita P.M. derivatively neglected the child Autumn M.; as so modified, the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
In August 2016, the petitioner commenced these related proceedings against, among others, Sita P.M., who is the mother of the subject child Autumn M., and the maternal grandmother of the subject children Romeo O., Lylia A. O., and Don A. O. The petitions alleged, inter alia, that Sita P.M. severely abused and neglected Romeo O., in that she, among other things, failed to obtain medical care for him when he exhibited symptoms of excessive tiredness and an inability to be awakened following an accidental fall down a staircase, and that the other subject children were thereby derivatively neglected. The Family Court conducted a fact-finding hearing over 18 dates from May 2018, through September 2020. The subject child Autumn M. turned 18 years old in September 2018.
By order dated April 20, 2021, the Family Court dismissed the proceeding related to Autumn M. pursuant to Family Court Act § 1051(c), finding that the child was then over 18 years old and that the aid of the court was no longer required. By order dated June 28, 2021, the court, after a fact-finding hearing, inter alia, conformed the pleadings to the proof to include allegations of medical neglect and, thereupon, found that Sita P.M. medically neglected Romeo O. with respect to his symptoms of excessive tiredness and inability to be awakened, and thereby derivatively neglected Autumn M., Lylia A. O., and Don A. O. Sita P.M. appeals from the order of fact-finding.
Sita P.M. contends that the Family Court improperly made the medical neglect determination with respect to Romeo O. and the related derivative neglect determinations because the petitions did not specifically allege medical neglect, and the court did not give her adequate notice of the court's decision to conform the pleadings to the proof in this regard. "Pursuant to Family Court Act § 1051(b), '[i]f the proof [adduced during the fact-finding hearing] does not conform to the specific allegations of the petition, the court may amend the allegations to conform to the proof; provided, however, that in such case the respondent shall be given reasonable time to prepare to answer the amended allegations'" (Matter of Richard S. [Lacey P.], 130 AD3d 630, 632; see Matter of Shawniece E., 110 AD2d 900).
Here, it was acknowledged during the fact-finding hearing that the petitioner alleged, inter alia, that Sita P.M. committed medical neglect with respect to Romeo O., and thereby derivatively neglected the other subject children. Moreover, it was also acknowledged in the written summations submitted to the Family Court after the conclusion of the fact-finding hearing that whether Sita P.M. had medically neglected Romeo O. was at issue herein. Consequently, Sita P.M. was not prejudiced by the court's determination to conform the pleadings to the proof. Moreover, in light of the evidence of medical neglect adduced at the fact-finding hearing, the court's decision to conform the pleadings to the proof here was not an improvident exercise of discretion (see Matter of Richard S. [Lacey P.], 130 AD3d at 633).
In addition, upon conforming the pleadings to the proof, the Family Court properly found that Sita P.M. medically neglected Romeo O. when she failed to seek timely medical attention for Romeo O. with respect to the aforementioned excessive tiredness and inability to be roused following his fall down a staircase (see id. at 634). The court's assessment of the credibility of Sita P.M., whose testimony the court found self-serving and evasive, is entitled to deference where, as here, its determination is supported by the record (see id.).
The Family Court's determination that Sita P.M. derivatively neglected Don A. O. and Lylia A. O. was supported by sufficient evidence, since her conduct toward Romeo O. "demonstrated . . . a fundamental defect in [her] understanding of [parental] duties [relating to] the care of children" (Matter of Amaris A.A. [Jasmine R.], 210 AD3d 1077, 1079; Matter of Elijah P. [Jane W.], 191 AD3d 984, 986). However, when the court entered its order finding that the subject children had been neglected and derivatively neglected, respectively, and stating the grounds for said findings (see Family Ct Act § 1051[a]), there was no pending proceeding relating to Autumn M., since the court had dismissed that proceeding months earlier. Accordingly, the provision of the order of fact-finding which found that Sita P.M. derivatively neglected Autumn M. must be deleted (cf. [*2]Matter of Nabil H. A. [Vinda F.], 195 AD3d 1012, 1012-1013; Matter of Elijah P. [Jane W.], 191 AD3d at 986).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court