Matter of Shayla G. (Lakisha C.) (2024 NY Slip Op 06042)

Matter of Shayla G. (Lakisha C.)

2024 NY Slip Op 06042

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-01235
 (Docket Nos. N-892-21, N-893-21)

[*1]In the Matter of Shayla G. (Anonymous). Administration for Children's Services, respondent; Lakisha C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Josiah T. (Anonymous). Administration for Children's Services, respondent; Lakisha C. (Anonymous), appellant. (Proceeding No. 2)

Paul W. Matthews, Staten Island, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child Shayla G.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child Josiah T.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Richmond County (Karen B. Wolff, J.), dated November 29, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the child Shayla G. and derivatively neglected the child Josiah T.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children by failing to provide proper supervision or guardianship "by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" on the child Shayla G. Following a fact-finding hearing, the Family Court found that the mother neglected Shayla G. by committing acts of domestic violence against an adult sibling, resulting in Shayla G.'s intervention, and that the mother derivatively neglected the child Josiah T. The mother appeals.
Pursuant to Family Court Act § 1051(b), the Family Court "may amend the allegations to conform to the proof; provided, however, that in such case the respondent shall be given reasonable time to prepare to answer the amended allegations" (see Matter of Autumn M. [Sita [*2]P.M.], 213 AD3d 852, 853-854; Matter of Richard S. [Lacey P.], 130 AD3d 630, 632). Here, the petitions alleged that the mother neglected Shayla G. by inflicting excessive corporal punishment when Shayla G. intervened in a physical altercation between the mother and an adult sibling. The record and the evidence adduced during the fact-finding hearing demonstrated that the mother was not prejudiced by the Family Court's determination to conform the pleadings to the proof (see Matter of Autumn M. [Sita P.M.], 213 AD3d at 854; Matter of Jada W. [Ketanya B.], 104 AD3d 861, 861). Moreover, the mother testified to the events alleged in the petitions (see Matter of N.R. [D.W.], 227 AD3d 596, 596; Matter of Fatima Mc., 292 AD2d 532, 533), and in her written summation after the conclusion of the fact-finding hearing, the mother stated that she acted in self-defense during the altercation with the adult sibling (see Matter of Autumn M. [Sita P.M.], 213 AD3d at 854). The attorney for Shayla G. also acknowledged in her written summation that the case involved neglect of Shayla G. by the commission of acts of domestic violence. Thus, contrary to the mother's contention, under the circumstances of this case, the court's determination to conform the pleadings to the proof was not an improvident exercise of discretion (see id.; cf. Matter of Amier H. [Shellyann C.H.], 106 AD3d 1086, 1087).
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 627, quoting Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784; see Nicholson v Scoppetta, 3 NY3d 357, 368). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941, quoting Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 920).
Here, the Family Court properly found that ACS established by a preponderance of the evidence that the mother neglected Shayla G. by failing to provide her with proper supervision or guardianship and that, as a result, Shayla G.'s physical, mental, or emotional condition was impaired or was in imminent danger of becoming impaired by engaging in acts of domestic violence against the adult sibling (see Matter of James L. [Zong H.L.], 226 AD3d 1022, 1023-1024; Matter of Davasha T. [David T.], 218 AD3d 475, 477). "'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Logan P. [Kendell P.], 228 AD3d 867, 868, quoting Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957 [internal quotation marks omitted]; see Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093). Among other things, the testimony presented at the fact-finding hearing showed that the mother engaged in two physical altercations with the adult sibling and that Shayla G. intervened in both altercations to defend the adult sibling.
Furthermore, the mother's neglect of Shayla G. evinced a flawed understanding of her duties as a person legally responsible for a child and impaired judgment sufficient to support a finding of derivative neglect as to Josiah T. (see Matter of Saphire R. [Christopher R.], 219 AD3d 730, 732; Matter of Madeleine B. [Peter B.], 198 AD3d 641, 643). In the absence of evidence that the circumstances giving rise to the neglect of Shayla G. no longer existed, a finding of derivative neglect as to Josiah T. was proper (see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 911).
The mother's remaining contentions either need not be reached in light of the foregoing or are improperly raised for the first time in her reply brief.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court