Matter of A.E.R. v A.B.

2026 NY Slip Op 02945

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of A.E.R., Respondent,

v

A.B., Appellant.

Decided and Entered: May 12, 2026

Docket No. O-08893/23|Appeal No. 6569|Case No. 2025-04199|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

Andrew J. Baer, New York, for appellant.

Richard L. Herzfeld, New York, for respondent.

Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

[*1]

Order, Family Court, New York County (Crystal R. Villasenor, J.), entered on or about June 3, 2025, which, upon a fact-finding determination that respondent mother committed the family offense of disorderly conduct, granted a two-year order of protection in favor of petitioner father and the parties' two children, unanimously affirmed, without costs.

Although Family Court based its finding that the mother committed the family offense of disorderly conduct, in part, on incidents not alleged in the petition, it does not warrant vacatur under the circumstances presented here. The mother did not object to the court, in effect, improperly conforming the pleadings to the proof at the hearing, nor does she contend on appeal that she was unfairly surprised or prejudiced by the allegation that she committed the family offense of disorderly conduct on September 30, 2023. Indeed, review of the hearing transcripts shows that the mother had a full and fair opportunity to contest the allegation at the fact-finding hearing and testify as to the events that occurred on that day (see Matter of Darlene B. v Elsie R., 245 AD3d 403, 404 [1st Dept 2026]). Thus, we exercise our discretion pursuant to CPLR 3025(c) to deem the petition amended to conform to the proof presented at the fact-finding hearing (see Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]; K & P Fancy Stitching Mach. Co. v Weiss, 3 AD2d 826 [1st Dept 1957]; see also Matter of Richard S. [Lacey P.], 130 AD3d 630, 633 [2d Dept 2015], lv denied 26 NY3d 906 [2015]).

A fair preponderance of the evidence supports Family Court's finding that on September 30, 2023, "with intent to cause public inconvenience, annoyance, or alarm," the mother committed the family offense of disorderly conduct by engaging "in violent, tumultuous, or threatening behavior" and by using "abusive or obscene language" in a public place (Penal Law § 240.20[1], [3]; Family Ct Act § 832).

There is no basis to disturb Family Court's credibility determinations in the father's favor, including the mother's claim that the father instigated the incident (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The recording produced by the mother at the hearing was not dispositive and simply created an issue of credibility, which was properly resolved by the court (see Matter of Theresa M. v Antoine A., 154 AD3d 414, 415 [1st Dept 2017]). The court's findings had a sound and substantial basis in the record and there is no reason to disturb them on appeal (id.).

[*2]

The mother's argument that the parties' two children should not have been included in the order of protection is not preserved for appellate review, as she never advanced that claim before Family Court despite the court notifying her counsel that the father was seeking such relief during the underlying proceeding (see Matter of Marta M. v Gopal M., 212 AD3d 524, 526 [1st Dept 2023]). The inclusion of the children in the order of protection was, in any event, warranted because the mother's threatening statements to the father were made in the children's presence (see Family Ct Act § 842[a]; Matter of Elizabeth F. v Wilfredo F., 220 AD3d 615, 616 [1st Dept 2023]). Furthermore, the order of protection permits court-ordered visitation and contact between the mother and the children, enabling her to maintain a relationship with them (see Matter of Coumba F. v Mamdou D., 102 AD3d 634, 635 [1st Dept 2013]).

In view of the foregoing, we need not reach the mother's remaining contentions.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026